**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 20 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHOUFANG JIANG, | No. 14-72438 |
| Petitioner, | Agency No. A088-294-693 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Shoufang Jiang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").   Our jurisdiction is

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act. *Ren v. Holder*, 648 F.3d 1079, 1083-84 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Jiang failed to provide sufficient reasonably obtainable corroborative evidence to meet his burden of proof. *See id.* at 1093-94 (denying petition where asylum applicant failed to provide corroborative evidence requested by the IJ). We reject Jiang's contention that he was denied an opportunity to explain his failure to corroborate. *See id.* at 1094. Thus, Jiang's asylum and withholding of removal claims fail. *See id.*

Further, substantial evidence supports the denial of Jiang's CAT claim because he did not establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We lack jurisdiction to consider Jiang's religion-based contentions because he did not exhaust them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**